

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00036-CR

RAY SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 299th District Court
Travis County, Texas
Trial Court No. D-1-DC-16-900145, Honorable Karen Sage, Presiding

February 14, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Ray Salazar, appeals from the trial court's order denying his motion for post-conviction DNA testing. The clerk's record has been filed. The reporter's record was due January 16, 2023, but was not filed because Appellant did not request preparation nor make payment arrangements for the record. By letter of January 18, 2023, the Third Court of Appeals notified Appellant that the reporter's record was overdue and directed him to make any necessary payment arrangements for the reporter's record by January 30. The appeal was later transferred to this Court by the Texas Supreme

Court pursuant to its docket equalization efforts.  *See* Tex. Gov't Code Ann. § 73.001. The reporter has since notified this Court that Appellant has not requested nor paid for the reporter's record to date.[1]

Accordingly, we abate the appeal and remand the cause to the trial court.  *See* Tex. R. App. P. 37.3(a)(2).  Upon remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)　　whether Appellant still desires to prosecute the appeal;

(2)　　whether Appellant is indigent and entitled to have the reporter's record furnished without charge; and

(3)　　if appellant is not entitled to have the reporter's record furnished without charge, the date Appellant will make acceptable payment arrangements for the reporter's record.  *See* Tex. R. App. P. 20.2.

The trial court is also directed to enter such orders necessary to address the aforementioned questions.  So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by March 16, 2023.

It is so ordered.

Per Curiam

Do not publish.

---

[1] We note that Appellant filed a "Declaration of Inability to Pay Cost" with the trial court on March 16, 2022.